# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JESUS GLORIA-ARREAGA,**

    **Petitioner,**

**v.**                                                    **Civil Action No. 5:10cv22**
                                                                   **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On February 19, 2010, the *pro se* petitioner initiated this § 2241 habeas corpus action by filing a Motion for Speedy Hearing. (Dckt. 1). In the motion, the petitioner asserts that he is a federal inmate being held at the Gilmer Federal Correctional Institution (FCI-Gilmer) in Glenville, West Virginia. He complains that a detainer has been lodged against him for a probation violation and seeks a speedy resolution of that matter.

After the petitioner paid the required filing fee (dckt. 7), the respondent was directed to show cause why the petition should not be granted. (Dckt. 8) On April 22, 2010, the respondent filed a Motion to Dismiss, or in the Alternative, to Transfer the Petitioner's § 2241 Petition. (Dckt. 10). In the accompanying memorandum (dckt. 11), the respondent asserts the following grounds in support of its motion:

    (1) the appropriate forum to challenge a detainer is the district in which the detainer originates -- in this case, the Northern District of Texas; and

    (2) the petitioner's request for a speedy trial is now moot as the petitioner was released to a

writ from the Northern District of Texas for the express purpose of prosecuting the probation violation.

Because the petitioner is proceeding without counsel in this case, the Court issued a Roseboro Notice on April 23, 2010. (Dckt. 12). The petitioner has not filed a reply to the respondent's motion.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

On March 10, 2010, the United States Attorney for the Northern District of Texas issued a writ for the production of the petitioner in that district. Resp't Ex. 1 at Att. D. The purpose of the writ is for the prosecution of the probation violation in case number 4:00-CR-00279-A(02). *Id.* Consequently, the petitioner was removed from FCI-Gilmer and released to the writ on March 30, 2010. Resp't Ex. 1 at Att. A. As the Northern District of Texas has already sought and obtained the petitioner's presence for the purpose of prosecuting his probation violation, he has already been granted the relief sought in the petition and there is nothing further that this Court can do. Accordingly, it is recommended that the respondent's motion to dismiss as moot (dckt. 10) be **GRANTED** and this case be **DISMISSED with prejudice** from the active docket of this court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A

copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); .

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: July 20, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE