```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JESUS GLORIA-ARREAGA,

       Petitioner,

v.                                   Civil Action No. 5:10CV22
                                                       (STAMP)
UNITED STATES OF AMERICA,

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] petitioner, Jesus Gloria-Arreaga, initiated this 28 U.S.C. § 2241 habeas corpus action by filing a Motion for Speedy Hearing. In the motion, the petitioner asserted that he is a federal inmate being held at the Gilmer Federal Correctional Institution ("FCI-Gilmer") in Glenville, West Virginia. The petitioner complained that a detainer had been lodged against him for a probation violation and his motion sought a speedy resolution of the matter.

After the petitioner paid the required filing fee, the respondent was directed to show cause why the petition should not be granted. On April 22, 2010, the respondent filed a Motion to Dismiss, or in the Alternative, to Transfer the Petitioner's § 2241 Petition. The respondent asserted the following grounds in support

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

of its motion: 1) the appropriate forum for the petitioner to challenge the detainer is the Northern District of Texas; and 2) the petitioner's request for speedy trial is now moot as the petitioner was released to a writ from the Northern District of Texas for the express purpose of prosecuting the petitioner on the charges underlying the detainer.

Because the petitioner is proceeding without counsel in this case, the Court issued a Roseboro Notice on April 23, 2010. The petitioner did not file a reply to the respondent's motion. This matter was referred to United States Magistrate Judge John S. Kaull for a report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.09 et seq.

The magistrate judge entered a report and recommendation, recommending that the respondent's motion to dismiss be granted and this case be dismissed with prejudice from the active docket of this Court. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's

recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-99 (3d Cir. 1996). This Court finds no clear error in the magistrate judge's finding that because the petitioner has already been granted relief, the issue for which the petitioner seeks redress is moot.

On March 10, 2010, the United States Attorney for the Northern District of Texas issued a writ for the production of the petitioner in that district for the prosecution of the probation violation in case number 4:00-CR-00279-A(02). Consequently, the petitioner was removed from FCI-Gilmer and released to the writ on

March 30, 2010. As the Northern District of Texas has already sought and obtained the petitioner's presence for the purpose of prosecuting his probation violation, he has already been granted the relief sought in the petition and there is no other action required by this Court.

This Court has reviewed the magistrate judge's report and recommendation for clear error and concludes that the respondent's motion to dismiss should be granted. Here, the magistrate judge properly found that the petitioner has already been granted the relief that he sought in his Motion for Speedy Hearing, namely that the detainer lodged against him receive a speedy resolution.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the government's motion to dismiss is GRANTED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and

recommendation bars the petitioner from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

    DATED:    August 18, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE